Rockingham,
Mar. 4, 1952. } No. 4090.

FRANCIS S. HARRIS & *a.*

*v.*

MARION P. CROCKER & *a.*

*George R. Scammon* (by brief and orally), for the plaintiffs.

*William H. Sleeper, Wayne J. Mullavey* and *Robert Shaw* (*Mr. Mullavey* orally), for the defendants.

LAMPRON, J.   The main issue in this case is centered on the location on the ground of the starting point of the boundary in dispute. This was a question of fact for the Trial Court (*Andrews* v. *Todd*, 50 N. H. 565, 568; *Coburn* v. *Coxeter*, 51 N. H. 158, 162; *Smart* v. *Huckins*, 82 N. H. 342, 347) whose findings must be sustained if there is evidence to support them. *Ballou* v. *Ballou*, 95 N. H. 105, 106.   We think there is.

The parties are in agreement that the starting point of this boundary was at a stake at the base of a large rock as it is stated in the deed.   On the view the Court found a large rock where the plaintiffs maintain this line starts; there was none at the point

contended for by the defendants, "nor at any other spot between the two claimed points." This may have furnished "a vital part of the evidence." *Tetreault* v. *Gould*, 83 N. H. 99, 102; *Connors* v. *Turgeon*, 96 N. H. 479, 481.

Further the disputed course in the deed starts with the words "thence turning and running Southwesterly." From the point claimed by the plaintiffs it would be necessary to "turn" in order to go southwesterly, but from the point claimed by the defendants there would need to be little "turning" as the direction would be practically one of continuing southwesterly rather than turning and running southwesterly. The next course in the deed, the direction of which is not in controversy, also starts with the words "thence turning" and there is no doubt that there is a definite change of direction similar to that which occurs in the course in controversy as determined by the Court.

Having thus determined on sufficient evidence the location on the premises of the large rock at which the disputed boundary starts the Court was justified in altering the description in the deed to have it conform to the location of this monument. *Coburn* v. *Coxeter, supra*, 162; *Bartlett* v. *LaRochelle*, 68 N. H. 211, 214; *Morrison* v. *Johnson*, 92 N. H. 219, 220.

Defendants excepted to the exclusion of a question asked of defendant Crocker as to whether she intended to convey any part of the land near the opening in the wall where the Court located the large rock and another similar question. It appears that these questions pertained to some intention on the part of the defendant Crocker which was not communicated to the plaintiffs. These questions were properly excluded. *Smart* v. *Huckins*, 82 N. H. 342, 348.

*Exceptions overruled.*

All concurred.